**Mahinder SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–71731.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 22, 2010.

Peter Singh, Esquire, Peter Singh & Associates, P.C., Fresno, CA, for Petitioner.

Lance Lomond Jolley, Esquire, David V. Bernal, Assistant Director, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Mahinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo claims of due process violations, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The agency did not abuse its discretion in denying Singh's motion to reopen where he did not establish that his failure to appear at his hearing was caused by ineffective assistance of counsel, or another

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

exceptional circumstance beyond his control. *See* 8 C.F.R. § 1003.23(b)(4)(ii); *see also Sharma v. INS,* 89 F.3d 545, 548 (9th Cir.1996); *c.f. Monjaraz–Munoz v. INS,* 327 F.3d 892, 897–98 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.